## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                               **Case No. 13-20043-02-JWL**

**Antwain M. Williams,**

        **Defendant.**

### MEMORANDUM AND ORDER

On February 10, 2020, the magistrate judge issued an order of detention pending a final revocation hearing as to defendant Antwain M. Williams. On February 12, 2020, the district judge found that defendant violated the conditions of his supervision but continued disposition to April 13, 2020 and authorized the release of defendant upon availability of a bed in an inpatient drug treatment facility. This matter was then reassigned to the undersigned judge and the parties agreed to continue the final revocation hearing until June 15, 2020. In the meantime, defendant remains housed in CoreCivic's Leavenworth Detention Center and he has been advised that his acceptance into a drug treatment center will be delayed in light of the COVID-19 pandemic.

Pursuant to 18 U.S.C. § 3145(b), defendant now moves this court to revoke the detention order (doc. 166) on the grounds that his medical conditions—high blood pressure and diabetes—place him at a high risk for severe illness from COVID-19; that he is more susceptible to COVID-19 in the close confinement of CoreCivic than in the community; and that if stricken while incarcerated, he will be less able to be quickly diagnosed and receive necessary medical

care.  Defendant specifically seeks release subject to appropriate conditions, including home incarceration.  The government opposes the motion.  Neither party requests a hearing on the matter.

Defendant's motion is brought under 18 U.S.C. § 3145(b).  Under that statute, a person who is ordered detained by a magistrate judge may file a motion for revocation of that order with the court having original jurisdiction over the offense.  Significantly, because defendant is not subject to detention pending sentencing or appeal, he does not have to show that there are exceptional reasons why his detention is not appropriate.  *See id.* § 3145(c); Fed. R. Crim. P. 32.1(a)(6) (a defendant in supervised release revocation proceedings is subject to release or detention under 18 U.S.C. § 3143(a)(1)); 18 U.S.C. § 3143(a)(1) (release is warranted if the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community" if released).  Under the pertinent standard, then, the court should release defendant if it finds by clear and convincing evidence that he poses no risk of flight or of danger.[1]

The government urges the court to adopt and apply the four-factor test utilized by Magistrate Judge Mitchell in *United States v. Clark*, ___F.3d ___. 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020) in assessing whether COVID-19 concerns warrant release.  Those factors include an analysis of the original grounds for the defendant's pretrial detention; the specificity of the defendant's stated COVID-19 concerns; the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *See id*.  But Judge

---

[1] The parties agree that this is the applicable standard.

2

Mitchell relied on those factors in the context of a defendant who was seeking release pending trial under 18 U.S.C. § 3142—a statute that requires the court to consider the nature and circumstances of the offense charged when deciding whether to release or detain the defendant. In the post-conviction context, the court is not required to consider the nature of the original facts and, particularly here, it makes little sense to do so. Defendant's conviction was years ago. He finds himself in trouble at this juncture not for distributing narcotics or engaging in other activity that poses a danger to the community, but for personal drug use. Defendant's drug use does not make him a flight risk or render him a danger to the safety of any other person or the community. The court, then, finds that the *Clark* factors are not helpful in this context.[2]

The court has conferred with the United States Probation Office about its position on defendant's motion. The probation office is the most familiar with defendant's circumstances and conduct while on supervision and is in a unique position to assess defendant's ability to comply with any release order. Significantly, the probation office does not oppose releasing defendant so long as he is placed on home incarceration—a condition that defendant himself suggests in his motion. It is also significant to the court that the government agrees that defendant's health conditions place him in a high-risk category for COVID-19. In light of all these circumstances, the court is persuaded that the detention order should be revoked and that defendant should be released and placed on home incarceration pending availability of a bed in an inpatient drug treatment facility. Notably, the court will be able to address at defendant's final revocation hearing any compliance issues that defendant has while on home incarceration.

---

[2] Notably, Judge Mitchell does not utilize the *Clark* factors in the post-conviction context either. *See United States v. Woodruff*, 2020 WL 1862568 (D. Kan. Apr. 14, 2020).

Because he has already been found to have violated the terms of his supervised release and all that remains is the imposition of a sentence, defendant should be highly motivated to comply with the conditions of his release.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to revoke detention order (doc. 166) is **granted**.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant shall be released from custody immediately and be placed on home incarceration pending availability of a bed in an inpatient drug treatment facility. Defendant is restricted to the residence of his mother, with whom he lived when released from imprisonment, at all times except for medical necessities and court appearances or other activities specifically approved by the court. Defendant may be required to wear a location monitoring device, which may include Radio Frequency, Global Positioning System and/or Random Tracking at the discretion of the U.S. Probation Officer and he shall abide by all technology requirements. Defendant shall follow all location monitoring procedures specified by the probation officer and shall pay all or part of the cost of participation in the location monitoring program as directed by the court and/or probation officer. All other prior conditions of release remain in place.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2020, at Kansas City, Kansas.

4

_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge