## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                                  **Case No. 13-20043-02-JWL**

**Antwain M. Williams,**

        **Defendant.**

### **MEMORANDUM & ORDER**

In February 2014, defendant entered a plea of guilty to conspiracy to possess with the intent to distribute 28 grams or more of crack cocaine within 1000 feet of a school. On September 8, 2014, defendant was sentenced to 51 months imprisonment. He began an eight-year term of supervision in May 2016. In October 2020, defendant's supervision was revoked and he was sentenced to a term of two months in custody. In May 2021, defendant's supervision was again revoked and he was sentenced to a term of 12 months and 1 day in custody. His scheduled release date is February 12, 2022.

This matter is presently before the court on defendant's motion for a nunc pro tunc ruling that would retroactively make his federal sentence run concurrently with what defendant refers to as an undischarged state sentence. In support of his motion, defendant relies on 18 U.S.C. § 3584 and § 5G1.3 of the United States Sentencing Guidelines. Section 3584 addresses multiple sentences of imprisonment and allows for sentences imposed at different times to be made concurrent if the sentencing judge so orders. *See United States v. Johnson*, 766 Fed. Appx. 648, 650 (10th Cir. Mar. 25, 2019). Here, the record does not reflect that defendant was subject to an

undischarged term of imprisonment at the time of his federal sentencing. The statute, then, simply does not apply here. Section 5G1.3 of the Guidelines generally allows departures; it does not authorize retroactive modification of a sentence previously imposed. *See id*.

It appears as though defendant is, in fact, seeking an order requiring the Bureau of Prisons to recalculate his sentence pursuant to section 102(b)(1) of the First Step Act of 2018, which amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. *See United States v. Parker*, 2019 WL 2005652, at *1 (M.D. Penn. May 7, 2019). Defendant, then, seeks to have the additional 7 days of annual good time credit "owed" to him during his initial sentence retroactively applied to his present sentence. But even construing defendant's motion in this manner, the court lacks jurisdiction to resolve it. The motion must be filed as a petition for habeas corpus under 28 U.S.C. § 2241 rather than as a post-judgment motion in defendant's criminal case. *See United States v. Yates*, 2019 WL 1779773, at *2 (D. Kan. Apr. 23, 2019) (court construed defendant's motion under the FSA for time served, claiming that the BOP must recalculate his good time credits and give him 26 extra days credit, as a § 2241 habeas petition since defendant was challenging the BOP's computation of his good time credits) (citing *Warren v. United States*, 707 Fed. Appx. 509, 511 n.4 (10th Cir. 2017) ("If . . . a prisoner seeks to challenge certain 'matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration of the [prisoner's] custody,' that claim must be raised in a § 2241 application rather than a § 2255 motion.")); *accord Parker*, 2019 WL 2005652, at *1-2; *United States v. Parrett*, 2019 WL 1574815, at *2 (E.D. Wis. Apr. 11, 2019) ("[W]hen the good-time provisions of the [First Step Act] do go into effect, the proper vehicle for

[the prisoner] to use to request relief (after exhausting administrative remedies) would be a petition for habeas corpus under . . . § 2241."); *Rizzolo v. Puentes*, 2019 WL 1229772, at *2 (E.D. Cal. Mar. 15, 2019) (findings and recommendation) (reasoning that prisoner properly brought claims under § 2241 based on BOP's purported failure to calculate his sentence in light of the First Step Act and his contention he should receive more time in a halfway house or home confinement).

A § 2241 petition must be filed in the judicial district where the defendant is incarcerated against the person who has custody over him. *See Lee v. Oliver*, 574 Fed. Appx. 846, 846-47 (10th Cir. Sept. 3, 2014); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Defendant is incarcerated at the Federal Correctional Institution in Greenville, Illinois, in the Southern District of Illinois. The District of Kansas is not defendant's district of confinement and, accordingly, the court lacks jurisdiction over the motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to restructure sentences (doc. 219) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 13th day of October, 2021, at Kansas City, Kansas.

3

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

4